UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DANIEL BATES and BRENDA BATES, individually and as parents and natural guardians of C.B.,
Plaintiffs,
v.

3B DETENTION CENTER, BONNEVILLE COUNTY, BINGHAM COUNTY, BUTTE COUNTY, and JOHN DOES I-X,
Defendants.

Case No. 4:14-cv-359-BLW

**MEMORANDUM DECISION AND ORDER**

**INTRODUCTION**

The Court has before it defendants' motion to reconsider. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

**BACKGROUND**

The plaintiffs – Daniel and Brenda Bates – are the parents of juvenile C.B. who was injured while incarcerated at the juvenile detention facility known as the 3B Detention Center, operated by three counties: Bonneville, Bingham, and Butte. To recover damages for C.B.'s injuries, the Bates have sued the 3B Detention Center and the three counties. The Bates' complaint alleges § 1983 claims along with state law claims for negligence and failure to train.

The defendants filed a motion for summary judgment seeking to dismiss all claims. The Court granted the motion in part, dismissing the state law claims and most of

the § 1983 claims, leaving for resolution the single claim under § 1983 that a delay in obtaining pain relief for C.B. violated her constitutional rights.

The Bates now ask the Court to reconsider that portion of the decision dismissing the state law claims.

**ANALYSIS**

The Court held in its earlier decision that the Bates' state law claims were governed by the Idaho Tort Claims Act (ITCA). *See Sherer v. Pocatello School Dist. No. 25*, 148 P.3d 1232 (Id.Sup.Ct. 2006). The Bates has the burden of showing that "no exception to liability under the ITCA shields the alleged misconduct from liability." *Id.* at 1236.

The ITCA creates an exception to liability for a governmental entity that is sued for acts arising out of its medical care for those in its custody. Specifically, Idaho Code §6-904B states in pertinent part as follows:

> A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent and without gross negligence or reckless, willful and wanton conduct as defined in section 6-904C, Idaho Code, shall not be liable for any claim which:
> . . . .
>
> > 5. Arises out of any act or omission providing or failing to provide medical care to a prisoner or person in the custody of any city, county or state jail, detention center or correctional facility.

While the Idaho Supreme Court has not had an opportunity to address the meaning of this particular statute, it did interpret almost identical prefatory language in Idaho Code § 6-904(3). That language reads as follows: "A governmental entity and its employees while acting within the course and scope of their employment and without malice or

criminal intent shall not be liable for any claim which . . . [a]rises out of assault, battery . . . or interference with contract rights." The Idaho Supreme Court held that "[t]he plain language of the first clause of that section exempts governmental entities from liability for the torts it lists, whether or not there has been an allegation of malice or criminal intent." *Hoffer v. City of Boise*, 257 P.3d 1226, 1228 (Id.Sup.Ct. 2011). In essence, the court read the prefatory language as if parentheses had been inserted around the phrase dealing with the employees: "A governmental entity (and its employees while acting within the course and scope of their employment and without malice or criminal intent) shall not be liable . . . ." The result of this interpretation is that Idaho governmental entities had complete immunity for the listed torts even if their employees committed the tort with malice or criminal intent.

The first clause of § 6-904B is worded essentially the same, merely adding "gross negligence or reckless willful and wanton conduct" to the list of exclusions from the exception. The Idaho law on statutory interpretation holds that "portions of the same act or section may be resorted to as an aid to determine the sense in which a word, phrase, or clause is used, and such phrase, word, or clause, repeatedly used in a statute, will be presumed to bear the same meaning throughout the statute . . . ." *St. Luke's Magic Valley Reg. Med. Ctr. v. Bd. of Cty. Comm.* 149 Idaho 584, 589 (2010). Thus, one phrase in the Idaho Torts Claim Act that is repeated throughout the Act will be presumed to bear the same meaning throughout.

Applying this standard to § 6-904B, the Court held in its earlier decision that if the Idaho Supreme Court was confronted with the language of § 6-904B, it would apply

*Hoffer,* extend its interpretation to § 6-904B, and read it with parentheses added: "A governmental entity (and its employees while acting within the course and scope of their employment and without malice or criminal intent and without gross negligence or reckless, willful and wanton conduct as defined in section 6-904C, Idaho Code), shall not be liable . . . ." Thus, no matter how the employees acted, an Idaho governmental entity could not be liable for any claim arising out of "any act or omission providing or failing to provide medical care to a . . . person in the custody of any . . . county . . . detention center . . . ." *See* I.C. § 6-904B. *See Memorandum Decision (Dkt. No. 31).* Because the Bates' state law claims all arise out of defendants' acts in either providing or failing to provide medical care to a person in custody at the 3B Detention Center, the Court held that the defendants – all governmental entities – have complete immunity from these state law claims.

The Bates now ask the Court to reconsider, citing four cases from the Idaho Supreme Court in support of their motion. *See Mitchell v. State,* 2016 WL 825439 (Id.Sup.Ct. Mar. 3, 2016); *Grabicki v. City of Lewiston*, 302 P.3d 26, 31 (Id.Sup.Ct. 2013); *Ball v. City of Blackfoot*, 273 P.3d 1266, (2012); *Mareci v. Coeur d'Alene Sch. Dist. No. 271*, 250 P.3d 791(Id.Sup.Ct. 2011). The Bates argue that these four cases show that the Idaho Supreme Court has refused to expand *Hoffer's* interpretation of the prefatory language in § 6-904(3) to the similar prefatory language in § 6-904B.

But three of the four cases – *Mitchell, Grabicki,* and *Ball* – offer nothing of substance on the issue faced here. They do not discuss the prefatory language or *Hoffer*.

Each was decided on other grounds and hence the court did not need to face the prefatory language issue faced in *Hoffer*.

For example, in *Mitchell,* the plaintiff sued the State for its alleged negligence in releasing a mentally ill man who later shot the plaintiff. At issue was the immunity provided to the State by § 6-904(1) for discretionary functions. The court found questions of fact over whether the State made a policy decision based on budgets (in which case the discretionary function immunity would apply) or an operational decision based on the individual (in which case it would not), and reversed the summary judgment on this issue. *Mitchell*, 2016 WL 825439 at *7.

*Mitchell* never address the prefatory language of § 6-904 but focused entirely on whether the listed protected act – in that case, a discretionary function – protected the State. That is entirely the opposite of the issue here, where the Bates' claim clearly falls under the terms of the listed protected act (failing to provide medical care to a detainee), and the only dispute is over the interpretation of the prefatory language. The Bates' claim makes this case identical to *Hoffer* where the plaintiff's claim clearly fell within the terms of the listed protected act (interference with contract), and the only dispute was over the prefatory language.

The same analysis applies to *Grabicki* and *Ball*. *See Grabicki*, 302 P.3d at 34-35 (prefatory language not discussed in decision finding questions of fact over whether claim for faulty sewer design fell within listed protected act of design approved in advance by legislative body); *Ball*, 273 P.3d at 1269-70 (prefatory language not discussed

in decision holding that claim for poor maintenance of sidewalk did not fall under any of the listed protected acts).

But the fourth case – *Mareci* – is different from the other three. In *Mareci,* the parent of a child injured at school brought an action against the School District for negligent supervision. The School District sought immunity under Idaho Code § 6-904A(2):

> A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent and without reckless, willful and wanton conduct as defined in section 6-904C, Idaho Code, shall not be liable for any claim which:
> . . . .
> 2. Arises out of injury to a person or property by a person under supervision, custody or care of a governmental entity . . . .

There was no dispute that subsection (2) applied – the child was clearly being supervised by the School District when the injury occurred. Thus, *Mareci* was like *Hoffer* in that there was no dispute the injury arose from a listed protected act. *Mareci* could have read § 6-904A with *Hoffer's* parentheses inserted: "A governmental entity (and its employees while acting within the course and scope of their employment and without malice or criminal intent and without gross negligence or reckless, willful and wanton conduct as defined in section 6-904C, Idaho Code), shall not be liable . . . ." This would have resulted in a holding that the School District was immunized no matter how its employees acted.

But instead, *Mareci,* without discussion, read § 6-904A without the parenthesis. The decision states that the School District would lose its immunity under this statute if

"its employee acted with malice or criminal intent or if the employee's conduct was reckless, willful, and wanton." *Id.* at 794. Ultimately, the court held that because the record contained no evidence of malice or even recklessness on the part of School District employees, the School District enjoyed full immunity under § 6-904A.

The Bates argue that *Mareci* demonstrates that the Idaho Supreme Court has refused to extend *Hoffer* to § 6-904A. But *Mareci* was decided almost three months before *Hoffer*, so *Hoffer* is the court's most recent pronouncement. Moreover, *Mareci* never discusses the prefatory language as it was apparently unnecessary to its holding extending full immunity to the School District. There is no indication in *Mareci* that counsel in that case even argued that the court should read the statute as if parentheses were inserted, and there is certainly no rejection of such a reading in the decision. It is only in *Hoffer* that the court directly addresses the prefatory language issue.

For all these reasons, the Court finds that *Hoffer* governs here, and that *Mareci* does not require reconsideration of the Court's earlier ruling. The Court will therefore deny the motion to reconsider.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the defendants' motion for reconsideration (docket no. 33) is DENIED.



UNITED STATES COURTS
DISTRICT OF IDAHO

DATED: May 2, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order – page 8**